# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 16, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| CHRISTINA MECKLENBURG, * | | UNPUBLISHED |
| *on behalf of her minor child, H.M.,* * | | |
| Petitioner, * | | No. 18-1203VV |
| * | | |
| v. * | | Special Master Gowen |
| * | | |
| SECRETARY OF HEALTH * | | Measles, mumps and Rubella |
| AND HUMAN SERVICES, * | | ("MMR"); Ocular Sixth Nerve Palsy; |
| * | | Stipulation for Award |
| Respondent. * | | |
| * * * * * * * * * * * * | | |

*Andrew D. Downing,* Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Julia M. Collison,* U.S. Dept. of Justice, Washington, D.C., for respondent

## DECISION ON STIPULATION[1]

On August 14, 2018, Christina Mecklenburg ("petitioner"), on behalf of her minor child, H.M., filed a petition for compensation within the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of H.M. receiving the measles, mumps and rubella ("MMR") vaccine on February 7, 2018, H.M. developed ocular sixth nerve palsy with residual effects that persisted for more than six months. *Id.*

On March 16, 2020, respondent filed a stipulation providing that a decision should be entered awarding compensation for petitioner. Stipulation (ECF No. 40). Respondent denies that the MMR vaccine caused H.M. to suffer ocular sixth nerve palsy or any other injury or her current condition. *Id.* at ¶ 6. Maintaining their respective positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

awarding compensation according to the terms of the stipulation attached hereto as Appendix A. *Id.* at ¶ 7.

The stipulations awards:

1) **A lump sum of $8,637.11, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Christina Mecklenburg; and**

2) **An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). I adopt the stipulation as the decision of the Court and hereby award compensation in the amount and on the terms set forth therein. Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

CHRISTINA MECKLENBURG,
on behalf of her minor child, H.M.,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.

No. 18-1203V
Special Master Gowen
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Christina Mecklenburg ("petitioner"), on behalf of H.M., a Minor, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury allegedly related to H.M.'s receipt of a measles/mumps/rubella ("MMR") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. H.M. received the MMR vaccine on February 7, 2018.

3. The vaccine was administered in the United States.

4. Petitioner alleges that as a result of receiving the MMR vaccine, H.M. suffered an ocular sixth nerve palsy, and experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of H.M.'s alleged condition.

6. Respondent denies that the MMR vaccine caused H.M.'s alleged ocular sixth nerve palsy, or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described

in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $8,637.11, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Christina Mecklenburg; and,

    b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations"

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of H.M., pursuant to which the Life Insurance Company will agree to make payments periodically to H.M. for all other damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a. Beginning January 24, 2035, $31,311.15 per year for four years certain only.

The payments provided for in this paragraph 10 shall be made as set forth above. Should H.M. predecease any of the certain payments set forth above, any remaining certain payments shall be made to her estate. Written notice of the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of H.M.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of American are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of American are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 12, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for

the benefit of H.M. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of H.M.'s estate under the laws of the state of California.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of H.M., on behalf of herself, H.M., and H.M.'s heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of H.M. resulting from, or alleged to have resulted from the MMR vaccine administered on February 7, 2018, as alleged in a Petition filed on August 14, 2018, in the United States Court of Federal Claims as petition No. 18-1203V.

18. If H.M. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The

parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the MMR vaccine caused H.M.'s alleged ocular sixth nerve palsy, or any other injury.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative of H.M.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*[signature]*
CHRISTINA MECKLENBURG

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*
ANDREW D. DOWNING
Van Cott & Talamante, PLLC
3030 N. Third Street, Suite 790
Phoenix, Arizona 85012
(602) 257-9160

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*
TAMARA OVERBY
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Julia M. Collison by Catharine EC*
JULIA M. COLLISON
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0102

Dated: 3/14/2020